UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

JOSHUA CHAMPION,

    Plaintiff,                                        Case No. 1:24-cv-1143

-vs-

SENDWELL, INC.,

    Defendant.

_____

## DEFENDANT'S MOTION TO DISMISS

Defendant Sendwell, Inc. ("SWI"), by its attorneys, files this motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for the reasons set forth in the accompanying Brief in Support.

In accordance with Local Rule 7(m), on May 17 and 20, 2024, local counsel for SWI attempted to contact counsel for Plaintiff via phone and email, but was unsuccessful in reaching him, and thus did not obtain his position on this motion.

WHEREFORE, SWI requests that this Court grant its Motion and enter an Order dismissing Plaintiff's Complaint with prejudice and granting such other relief in favor of Defendant and against Plaintiff, as the Court deems necessary and just.

*Respectfully submitted,*

*/s/ Marlon Griffith*
Marlon Griffith
Griffith Law Group, PLLC
1156 15th St NW, Ste 510
Washington, DC 20005
(202) 496-4963
marlongriffith@glgdc.com

*Local Counsel for Sendwell, Inc.*

Date:  May 20, 2024

UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

JOSHUA CHAMPION,

    Plaintiff,                                             Case No. 1:24-cv-1143

-vs-

SENDWELL, INC.,

    Defendant.

**BRIEF IN SUPPORT OF MOTION TO DISMISS**

## **TABLE OF CONTENTS**

**Pages**

I. ISSUE PRESENTED — 1

II. INTRODUCTION — 2

III. PLAINTIFF'S ALLEGATIONS — 3

IV. ARGUMENT — 3

   A. STANDARD OF REVIEW — 3

   B. PLAINTIFF LACKS ARTICLE III STANDING BECAUSE HE HAS NOT ALLEGED A PARTICULARIZED AND CONCRETE INJURY — 4

V. CONCLUSION AND RELIEF REQUESTED — 8

# **TABLE OF AUTHORITIES**

**Cases**

*Citizens for Responsibility & Ethics in Wash. V. Fed. Election Comm'n*, 243 F. Supp. 3d 91 (D.D.C. 2017) ................................................................................. 3, 4

*Ctr. for Biological Diversity v. Lueckel*, 417 F.3d 532 (6th Cir. 2005) ...................... 5

*Dickson v. Direct Energy, LP*, No. 5:18cv182, 2022 U.S. Dist. LEXIS 54750 (N.D. Ohio, March 25, 2022) ..................................................................................... 7

*Eldridge v. Pet Supermarket, Inc.*, 446 F. Supp. 3d 1063 (S.D. Fla. 2020) .............. 7

*Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021) (No. 19-511) .............................. 2

*Fraternal Order of Police Grand Lodge v. Ashcroft*, 185 F. Supp. 2d 9 (D.D.C. 2001) ................................................................................................................... 3,4

*Glennborough Homeowners Ass'n v. United States Postal Serv.*, 21 F.4th 410, 2021 U.S. App. LEXIS 37944 (6th Cir. 2021) ......................................................... 5

Klayman v. Obama, 957 F. Supp. 2d 1 (D.D.C. 2013) ............................................... 5

*Lujan v. Defs. of Wildlife, 504 U.S. 555, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)* ............................................................................................................................. 4, 5

*Memphis A. Philip Randolph Inst. v. Hargett*, 978 F.3d 378 (6th Cir. 2020) ........... 5

*Nat'l ATM Council, Inc. v. Visa Inc.*, 922 F. Supp. 2d 73 (D.D.C. 2013) ................. 5

*Salcedo v. Hanna*, 936 F.3d 1162 (11th Cir. 2019) ................................................... 6

*Smith v. Aitima Med. Equip., Inc.*, No. 16-00339-AB, 2016 U.S. Dist. LEXIS 113671 (C.D. Cal. July 29, 2016) ...................................................................... 6, 7

*Soehnlen v. Fleet Owners Ins. Fund*, 844 F.3d 576 (6th Cir. 2016) .......................... 5

*Spokeo v. Robins*, 578 U.S. 330; 136 S. Ct. 1540 (2016) ................................. 5, 6, 7

*Stalley v. Methodist Healthcare*, 517 F.3d 911 (6th Cir. 2008) ............................... 4

*Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998) ............................................................................................... 5

*TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 210 L.Ed. 2d 568 (2021) ......... 2, 5, 6

*Warth v. Seldin,* 422 U.S. 490, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975) .................. 4

*Zemel v. CSC Holdings LLC*, No. 16-4064-BRM-DEA, 2017 U.S. Dist. LEXIS 63398, (D.N.J. Apr. 26, 2017) ................................................................................. 7

**Statutes**

 Fed. R. Civ. P. 12(b)(1) ................................................................................. 2, 3, 4, 8

**Other Authorities**

Telephone Consumer Protection Act ("TCPA") ........................................ 1, 2, 3, 6, 7

## I.     ISSUE PRESENTED

Whether Plaintiff has proper standing to assert the present claims under the TCPA.

## II.     INTRODUCTION

This case involves some text messages that did not cause any concrete harm to Plaintiff Joshua Champion ("Champion"). Nevertheless, Champion pleads it as a putative class action under the Telephone Consumer Protection Act ("TCPA"). Unfortunately, this lawsuit is symptomatic of widespread abuses of the TCPA by "filing professionals," such as attorneys who actively seek out individuals for the sole purpose of filing TCPA claims.[1]

Champion's Complaint should be dismissed for lack of Article III standing. Champion lacks standing because he has not shown an "injury in fact" under Article III. To meet that burden, Champion must plead specific facts demonstrating that he has suffered a **concrete** and particularized injury. Champion has pled no satisfactory facts here. The U.S. Supreme Court precedent is clear: "No concrete harm, no standing."[2] Champion's Complaint should be dismissed under Rule 12(b)(1).

---

[1] "Rather than seeking to redress the genuine consumer grievances the TCPA was enacted to address in the age of unwanted dinner time phone calls," "[m]uch litigation under the TCPA is brought by professional plaintiffs and counsel who specialize in manufacturing and magnifying potential liability," with "lawsuits…built solely to extract money from businesses." Brief for Retail Litigation Center Inc. as Amicus Curiae Supporting Petitioner, at 12, 14, *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021) (No. 19-511).

[2] *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2214, 210 L.Ed. 2d 568 (2021).

### III.     PLAINTIFFS' ALLEGATIONS

The Complaint refers to a total of thirty-one alleged text messages sent by Sendwell to a cell phone owned by Champion, several of which texts fall outside the four-year statute of limitations for claims under the TCPA. (ECF No. 3, ¶ 12.) Champion alleges that his cell phone number was on the national "Do Not Call Registry" (*Id*. ¶ 11).  As such, the texts were allegedly a "nuisance and annoyance" to him (*Id*. ¶ 20) and were particularly frustrating because Sendwell purportedly intended to hide its identity. (*Id*. ¶ 21).

However, as is demonstrated more fully below, such allegations of "injury" do not suffice for purposes of asserting a valid TCPA claim.  Accordingly, the Court should grant the present motion and dismiss Champion's Complaint.

### IV.     ARGUMENT

#### A.     STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Citizens for Responsibility & Ethics in Wash. V. Fed. Election Comm'n*, 243 F. Supp. 3d 91, 97 (D.D.C. 2017). Therefore, federal courts have "an affirmative obligation to consider whether the constitutional and statutory authority exists to hear each dispute." *Id*.

A party seeking adjudication of an action in federal court bears the burden of showing that the court has subject matter jurisdiction over the action. *Id* at 97-98. Because the Plaintiff has the burden of proof to establish jurisdiction, the "Plaintiff's

factual allegations in the complaint … will bear closer scrutiny in resolving a 12(b)(1) motion that in resolving a 12(b)(6) motion for failure to state a claim. *Fraternal Order of Police Grand Lodge v. Ashcroft*, 185 F. Supp. 2d 9, 14 (D.D.C. 2001).

In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may consider materials outside the pleadings to determine whether it has jurisdiction. *Id*; *Citizens for Responsibility* at 98.

**B.      PLAINTIFF LACKS ARTICLE III STANDING BECAUSE HE HAS NOT ALLEGED A PARTICULARIZED AND CONCRETE INJURY.**

Article III of the United States Constitution limits federal jurisdiction to "cases" and "controversies," and standing is "an essential and unchanging part of" this requirement. U.S. Const. art. III, § 2; *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). If the plaintiff lacks standing, then the federal court lacks jurisdiction; as such, standing is "the threshold question in every federal case." *Warth v. Seldin*, 422 U.S. 490, 498, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975). The party invoking federal jurisdiction bears the burden to demonstrate Article III standing. *Stalley v. Methodist Healthcare*, 517 F.3d 911, 916 (6th Cir. 2008).

To establish Article III standing, Champion must show: (1) that he suffered an injury in fact that is particularized, concrete, and actual or imminent; (2) that the injury is traceable to the defendant's conduct; and (3) that the injury complained of

4

is redressable. *Klayman v. Obama,* 957 F. Supp. 2d 1, 26 (D.D.C. 2013); *Nat'l ATM Council, Inc. v. Visa Inc.*, 922 F. Supp. 2d 73, 96 (D.D.C. 2013) (Citing *Lujan*, 504 U.S. 555, 560 (1992)). At the pleading stage, a plaintiff must "clearly allege facts that demonstrate each element of standing." *Memphis A. Philip Randolph Inst. v. Hargett*, 978 F.3d 378, 386 (6th Cir. 2020); *Glennborough Homeowners Ass'n v. United States Postal Serv.*, 21 F.4th 410, 2021 U.S. App. LEXIS 37944, at *5 (6th Cir. 2021) (holding that a plaintiff "cannot rely on general or conclusory allegations in support of its standing, but instead must assert a plausible claim for why it has standing to pursue its…claim").

"Injury in fact" is the "[f]irst and foremost" of these standing requirements. *Ctr. for Biological Diversity v. Lueckel*, 417 F.3d 532, 536 (6th Cir. 2005) (quoting *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 103, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998). An injury in fact must be particularized, meaning personal to the plaintiff, and **concrete, meaning real and not abstract**. *TransUnion* at 2204, ("A plaintiff must show that the injury is not only concrete but also particularized."); *Soehnlen v. Fleet Owners Ins. Fund*, 844 F.3d 576, 581 (6th Cir. 2016) ("[A]n injury-in-fact contains the two distinct elements of particularization and concreteness.").

The Supreme Court has made clear that an "injury in fact" is required "even in the context of a statutory violation." *Spokeo v. Robins*, 578 U.S. 330, 341; 136 S. Ct. 1540 (2016). Indeed, "Congress's creation of a statutory prohibition or obligation

5

and a cause of action does not relieve courts of their responsibility to independently decide whether a plaintiff has suffered a concrete harm under Article III." *TransUnion* at 2205. "Only those plaintiffs who have been **concretely harmed** by a defendant's statutory violation may sue that private defendant over that violation in federal court." *Id.* (emphasis in original). In short: "No concrete harm, no standing." *Id*. at 2214.

Here, the Complaint is devoid of factual allegations demonstrating that Champion suffered any actual concrete injury. A "concrete" injury is one that is "real" rather than "abstract"—that is, "it must actually exist." *Spokeo*, 136 S. Ct. at 1548. Several courts have held that generic references to concepts like "invasion of privacy," without supporting factual detail, are insufficient to confer standing for alleged TCPA violations, especially where, as here, only a few isolated text messages are at issue. For example, in *Salcedo v. Hanna*, 936 F.3d 1162 (11th Cir. 2019), the Eleventh Circuit held that "allegations of a brief, inconsequential annoyance" from a text message did not support a "real but intangible harm" that could support standing.

Similarly, in *Smith v. Aitima Med. Equip., Inc.*, No. 16-00339-AB, 2016 U.S. Dist. LEXIS 113671, at *9 (C.D. Cal. July 29, 2016), the court held that allegations of "the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of…statutory

rights," from an answered phone call were conclusory, lacked necessary detail, and amounted to "de minimis injury" that "is not sufficient to confer standing." *Id.* at *11-13.

And most recently, in *Dickson v. Direct Energy, LP*, No. 5:18cv182, 2022 U.S. Dist. LEXIS 54750 (N.D. Ohio, March 25, 2022), the court dismissed plaintiff's TCPA claims arising from a ringless voicemail message sent to his cell phone, finding "that his allegation is the 'bare procedural violation' that *Spokeo* held cannot give rise to standing," as the plaintiff could not specify "where he was or what he was doing" and "the sole alleged harm appear[ed] to be the de minimus time he took to read" the message." *Id.* at *8-9. *See also Zemel v. CSC Holdings LLC*, No. 16-4064-BRM-DEA, 2017 U.S. Dist. LEXIS 63398, (D.N.J. Apr. 26, 2017) (no concrete harm where the plaintiff "failed to allege why or how [a] small number of text messages caused him aggravation or nuisance); *Eldridge v. Pet Supermarket, Inc.*, 446 F. Supp. 3d 1063, 1069-72 (S.D. Fla. 2020) (holding that alleged "loss of privacy" from receiving five text messages over a three-month period did not rise to the level of an "objectively serious and universally condemnable" intrusion on privacy so as to resemble actionable injury).

As in *Smith* and *Dickson*, and the other authorities discussed above, Champion's vague reference to an "invasion of privacy," "nuisance and annoyance," and "frustration," is insufficient to establish a concrete injury-in-fact. The Complaint

7

is devoid of facts showing how the subject text messages - many of which are now over four years old - actually invaded Champion's privacy in more than a de minimis way, or otherwise caused concrete harm. Champion's allegations do not rise above a bare statutory violation divorced from an actual injury in fact. Champion has failed to meet his burden to show Article III standing.

## V.  CONCLUSION AND RELIEF REQUESTED

Based on the above, the Court should dismiss the present case under Fed. R. Civ. P. 12(b)(1), and grant any and all other relief that it deems to be appropriate under the circumstances.

  _/s/ Marlon Griffith_____
Marlon Griffith
Griffith Law Group, PLLC
1156 15th St NW, Ste 510
Washington, DC 20005
(202) 496-4963
marlongriffith@glgdc.com

*Local Counsel for Sendwell, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2024, the foregoing paper was electronically filed with the Clerk of the Court using the ECF system, which will send notice to all e-filing participants.

  __/s/ Marlon Griffith_____
Marlon Griffith

8